DECISION
This case is before the Court on plaintiffs' claim for damages pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1 et. seq. hereinafter referred to as the Act.
On March 23, 1991, at approximately 3:30 p.m., a fatal accident occurred on North Main Street at the intersection of Branch Avenue in the City of Providence. As a result of this accident, Ms. Angela Young, one of four occupants of a vehicle driven by Darryl Plummer, was killed. The other occupants, Tanisha Plummer and Marshane Young, as well as the driver, were injured. The driver, Mr. Plummer, reported to Providence police that he was driving north on North Main Street when another car, white in color, collided with him forcing him to lose control of his vehicle which then came into collision with a metal pole that is part of the traffic control system at the intersection. At the time of the accident it was raining heavily.
Besides the occupants of the plaintiffs' vehicle, no other witnesses to the accident have ever come forward, and the police have never located any other vehicle nor have any charges ever been brought against anyone.
A hearing was held to determine whether or not the plaintiffs are victims under the Act. Section 12-25-2 (10) states in pertinent part:
 "The term "victim" means a person who is injured or killed by any act of a person or persons which is within the description of any of the offenses specified in section 12-25-4 and which act occurs in the state of Rhode Island."
Among the offenses included are Section 12-25-4 (15) which states:
 "Driving so as to endanger, resulting in death, pursuant to Sec. 31-27-1";
and Section 12-25-4 (16) which states:
 "Driving as to endanger, resulting in personal injury, pursuant to Sec. 31-27-1.1."
It is the contention of the plaintiffs that the above-referenced sections of the Act apply to the events that occurred on that day.
There is no question as to the serious, and in one case fatal, injuries sustained in this accident. Rather, the question is whether the events of March 23, 1991, make the occupants victims under the Criminal Injuries Compensation Act or, rather, victims of a horrible accident.
As stated above, no charges were ever brought against any individual as a result of this accident. Also, no other vehicle was ever located by the police. This in and of itself is not fatal to the plaintiffs' case. However, plaintiffs do have the burden, by a preponderance of the evidence, of showing that a crime has occurred that brings the injuries under the Act.
For that purpose, a hearing was held. Lieutenant Kenneth Cohen of the Providence Police Department testified at the hearing. Cohen was one of the officers present at the accident scene. Cohen testified as to the physical condition and location of the accident. He was unable to testify as to whether any charges would have been brought had another driver been found. Furthermore, he testified that since the second vehicle was never found, it would be extremely difficult for an accident reconstruction to determine the speed or point of impact of the two vehicles.
Darryl Plummer, the driver of the vehicle in which all the plaintiffs were riding, also testified. It was his testimony that introduced the second vehicle to the instant case. He claimed that he was driving approximately 20 mph when he saw a white vehicle strike his car on the passenger side forcing him to lose control. This white vehicle continued north on North Main Street at a high rate of speed. It should be noted that as a result of this accident, Plummer was charged with driving a motor vehicle after his license had been suspended which, despite evidence to the contrary, Plummer denied. Also, the vehicle in question was unregistered. In addition, Plummer was contradicted in his testimony on an innocuous matter of discussions with his attorney that may or may not have taken place before the hearing. While the existence of these discussions was of little importance, the disingenuous answers do reflect unfavorably on his credibility.
A passenger, Tanisha Plummer, likewise testified that they were struck with great force from the left, or passenger side, of the vehicle. However, she was unable to add anything after the collision because she was unconscious. The owner of the vehicle, Marshane Young, testified that the car had no damage prior to the accident and that the vehicle had no mechanical problems.
Finally, Lieutenant Dennis O'Brien, retired, of the Rhode Island State Police testified as an expert in accident reconstruction. It was O'Brien's assertion that it was not unusual to attempt to reconstruct an accident five years after its occurrence as he had done in the instant case. He further testified that based on pictures of the plaintiffs' vehicle, that a second, unidentified vehicle would have been traveling at a rate of speed in excess of 25 mph. O'Brien admitted, however, that the existence of this second vehicle is based on police reports and conversations with Providence police officers and not from an in-person examination of the accident scene.
Plaintiffs argue that they were victims under the Act because of a second vehicle which was operated in reckless disregard of their safety. However, the actions of this vehicle, and indeed its very existence, are based on the testimony of Darryl Plummer. Unfortunately, this court finds that testimony to be less than credible. He was less than truthful when asked about discussions with others prior to his testimony and, in fact, was contradicted by the other witnesses. He denied being cited for driving without a license despite evidence to the contrary and insisted that he was driving his vehicle at 20 mph. The court does not find his testimony credible.
It is the finding of this court that plaintiffs were victims of a tragic automobile accident on the date in question. This accident ended the life of one of the passengers and seriously injured others. It is the serious consequences of the accident that makes this case so difficult. However, after reviewing the evidence and considering the testimony of the witnesses, this court finds that plaintiffs have failed to prove by a preponderance of the evidence that they were victims of a crime under the Act.
Counsel for the General Treasurer will prepare an order in accordance with this decision.